887 F.2d 1081
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dowite JAMES, a/k/a Money, a/k/a Dave, Defendant-Appellant.
 No. 89-5105.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 14, 1989.
Decided: Sept. 29, 1989.
 
 David W. Long, Poyner & Spruill, on brief, for appellant.
 Margaret P. Currin, United States Attorney, Louis M. Fischer, Department of Justice, on brief, for appellee.
 Before HARRISON L. WINTER, PHILLIPS and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 A jury convicted Dowite James of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and marijuana. He appeals contending that the incriminating testimony of Erroll Davis should have been excluded because James' lawyer in an earlier case had thereafter represented Davis, and that the government's evidence was legally insufficient to support the jury's verdict. We are not persuaded by either contention and we affirm.
 
 I.
 
 2
 James' lawyer, Sydney Jessup, had represented James in an earlier state prosecution for possession of cocaine. Thereafter that lawyer represented Davis in a criminal case and successfully negotiated a plea bargain for him. When Davis was called as a government witness in the instant case, James sought to exclude his testimony on the ground that Sydney Jessup had violated Rule 5.1(D) of the North Carolina Rules of Professional Conduct which prohibits a lawyer who has represented a client from representing another in the same or a substantially related matter in which the second client's interest is adverse to the interests of the former client.
 
 
 3
 The district court declined to exclude Davis' testimony, and we think correctly so. Jessup's representation was of successive defendants in separate cases. There was no showing of any link between the cases and no effort was made to show that Davis had learned anything about James from the lawyer. Thus, a violation of Rule 5.1(D) was not established. Moreover, we are aware of no authority, and James cites none, holding that if a violation of the attorney-client privilege is established, the remedy is exclusion of the entire testimony of the witness-client.
 
 II.
 
 4
 James' attack on the legal sufficiency of the evidence to convict him is based largely on the premise that the testimony of Davis should have been excluded and that what other evidence was presented was not enough to convict, especially when the credibility of witnesses presenting incriminating evidence is considered.
 
 
 5
 Because we think that Davis' testimony was properly admitted, James' contention fails. Moreover, we point out that the credibility of witnesses was a matter for the jury, and on appeal after conviction when the sufficiency of the evidence is challenged, we are bound to take the view of their testimony most favorable to the government.
 
 
 6
 Because we conclude that oral argument would not aid the decisional process, we decide the case on the record and briefs.
 
 
 7
 AFFIRMED.